# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>WESTERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | Case No. 7:22-cr-0426-ACA-NAD |
| ) | |
| FLOYD DEONTE DAWSON,     ) | |
| Defendant.               ) | |

## <u>PLEA AGREEMENT</u>

The Government and the defendant, **FLOYD DEONTE DAWSON**, hereby acknowledge the following plea agreement in this case:

## <u>PLEA</u>

The defendant agrees to (i) plead guilty to **COUNT ONE** of the **INDICTMENT** filed in the above-numbered and -captioned matter; and (ii), waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to **dismiss COUNT TWO** and recommend the disposition specified below, subject to the conditions in section **VII**.

## TERMS OF THE AGREEMENT

### I.   MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for **POSSESION OF A MACHINEGUN**, in violation of **Title 18, United States Code, Section 922(o)(1)**, as charged in **COUNT ONE**, is:

- A.   Imprisonment for not more than 10 years;
- B.   A fine of not more than $250,000, or,
- C.   Both A and B;
- D.   Supervised release of not more than 3 years; and
- E.   A special assessment of $100.

*Additionally, the defendant understands that if the Armed Career Criminal Act applies because the defendant has three previous convictions by any court for a violent felony or a serious drug offense, or both, the statutory punishment that may be imposed for Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1), as charged in COUNT ONE, is:*

- *a.   Imprisonment for not less than 15 years and not more than Life;*
- *b.   A fine of not more than $250,000; or*
- *c.   Both (a and b);*
- *d.   Supervised release of not more than 5 years. If the defendant violates the conditions of supervised release, the defendant*

***could be imprisoned for the entire term of supervised release; and***

***e.    A special assessment of $100.***

## II.    FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On June 5, 2022, the Tuscaloosa County District Court revoked **FLOYD DEONTE DAWSON**'s bond on a drug charge and issued a warrant for his arrest. The Tuscaloosa Police Department engaged the U.S. Marshal's Fugitive Task Force to assist in arresting **DAWSON** on the warrant.

In working up a plan to arrest **DAWSON**, investigators located several social media images of **DAWSON** in possession of firearms. Investigators also found a June 16, 2022 video of **DAWSON** sitting on the porch of his house holding a Glock handgun with an extended magazine. There was a Draco-style assault pistol with a standard 30-round magazine on the porch next to him. The video also revealed him to be in possession of what appeared to be marijuana.

On June 19, 2022, **DAWSON**'s brother Dontavius White was killed during an attempted robbery. The purported robbery victim was believed to be associated with a group or gang considered a rival to the group or gang with whom **DAWSON**'s brother associated. On June 21, 2022, task force investigators found a recent post

Defendant's Initials  F.D

on **DAWSON**'s Facebook page of a photo of his brother with this message: "I want every single last 1 em." They also located a recent post on **DAWSON**'s Instagram page that read, "Jail or Da [grave emoji] hope u ready as me." From those posts, investigators concluded that **DAWSON** intended to retaliate for his brother's death.

Based on **DAWSON**'s recent social media posts, Tuscaloosa investigator and USMS Task Force Officer Grammer obtained a state search warrant for **DAWSON**'s house under Alabama Rule of Criminal Procedure 3.8, which permits a warrant to be issued to seize the guns because they were expected to be used to commit the Alabama offenses of murder or attempted murder.

On the morning of June 22, 2022, investigators and USMS deputies knocked on **DAWSON**'s front door, announced their presence and the existence of a search warrant. After a notable delay, **DAWSON** opened the door, and the deputies arrested him on the bond revocation writ. They also executed the search warrant for the residence.

In **DAWSON**'s bedroom, deputies found a misdemeanor amount of marijuana and scales, for which **DAWSON** later was charged. Inside the closet of another bedroom that appeared to be **DAWSON**'s mother's master bedroom, Grammer found a loaded Pioneer 7.62 caliber semi-automatic pistol that appeared to be the Draco-style gun in the video. It bore serial number PAC115171721. They also found a **Glock 9 millimeter pistol, bearing serial number YYZ321**. The Glock

had been modified to add a Glock switch that converted the gun to fully automatic fire. It also had an extended magazine holding 28 rounds.

Prior to taking **DAWSON** to police headquarters and with his body camera recording, Grammer interviewed **DAWSON**'s mother about the guns. She told Grammer that she did not go into the closet much and did not know how **DAWSON** obtained the guns.

At police headquarters, Grammer obtained a videotaped post-*Miranda* statement from **DAWSON**. In that statement, **DAWSON** said he gave the two guns to his mother to put them up. He denied ever firing the guns, buying them, posing with the Glock, and bringing the two guns into his house. He claimed they were his deceased brother's guns. He admitted knowing that the Glock switch made the pistol fully automatic.

Based the common use of cellphones to communicate with drug sources and **DAWSON**'s admission to smoking marijuana, Grammer obtained a search warrant on June 30, 2022 for **DAWSON**'s cellphone. A Tuscaloosa Police Department examiner performed an extraction of the cellphone. Investigators reviewed the data and discovered text messages between Dawson and two different individuals, approximately 23-24 days before the two guns were seized in the search of **DAWSON**'s residence. In the first exchange, one individual worked out a deal for **DAWSON** to sell two Glock switches to the individual for a total of $400. In the

other exchange, a second individual agreed to buy one Glock switch from Dawson for $300.

An ATF firearms expert inspected the **Glock 9 millimeter pistol** and determined that it met the statutory definition of a firearm. He also found that it contained a Glock switch that was intended to convert the firearm into a machinegun. However, the Glock switch crumbled into several pieces when he attempted to remove it. He test-fired the pistol, which operated as a semi-automatic firearm. He determined that the Glock switch was repairable with adhesives or with the printing (3D) of replacements for the damaged components. He found that the damaged Glock switch qualified as a machinegun because it was a combination of parts designed and intended for use in converting a weapon to a machinegun.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

                                                                                  *[signature]*
                                                              **FLOYD DEONTE DAWSON**

## III. RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

- A. That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

- B. That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the **low end** of the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

- C. That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release and the following special condition(s): as determined by the Court;

- D. That the defendant be required to pay restitution to all the victims of the defendant's crimes. That restitution should include, but not be limited

to:  restitution is not an issue;

E. That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

F. That the defendant pay a special assessment of **$100**, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVERS

### A. STATUTE OF LIMITATIONS WAIVER

**In consideration of the recommended disposition of this case, I, FLOYD DEONTE DAWSON, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161,** *et seq.***, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.**

### B. RIGHT TO APPEAL AND POST-CONVICTION RELIEF

**In consideration of the recommended disposition of this case, I, FLOYD DEONTE DAWSON, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines and restitution the Court might impose. Further, I waive and give up the right to challenge my**

conviction and/or sentence, fines, restitution, and orders imposed or the manner in which my conviction and/or sentence, fines, restitution, and orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

    1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

    2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

    3. Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

**I, FLOYD DEONTE DAWSON, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

_____
**FLOYD DEONTE DAWSON**

### V.   UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

### VI.   AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation. Further,

the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

Defendant's Initials ⟨F.D⟩

## IX.  COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's

Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending

or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

**XII.      IMMIGRATION STATUS**

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

**XIII.     DEFENDANT'S ACKNOWLEDGEMENT**

I have read and understand the provisions of this plea agreement consisting of **16** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand

that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

> **NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_None_

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

5-30-23  
DATE

_[signature]_  
**FLOYD DEONTE DAWSON**  
Defendant

### XIV.     COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

5/30/23
DATE

LEROY MAXWELL, JR.
Defendant's Counsel

### XV.     GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

05/31/2023
DATE

ALAN BATY
Assistant United States Attorney