# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **7:22-CR-00426-ACA-NAD** |
| ) | |
| **FLOYD DEONTE DAWSON,** ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

This Memorandum is submitted on behalf of Floyd Deonte Dawson. He is before this Court after pleading guilty to possession of a machinegun in violation of Title 18 U.S.C. § 922(o)(1). Based upon a total offense level of 17 and a criminal history category of I, the guideline imprisonment range is 24 months to 30 months.

Considering the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are advisory in nature. As such, sentencing is fully in the court's discretion and is no longer required to be within the guideline range. *Id*. Pursuant to 18 U.S.C. § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary." In determining a particular sentence, the court shall consider factors such as the nature and circumstance of the offense, the history and characteristics of the defendant, and the need for the sentence imposed. *Id*. Based upon the nature of the offense, Mr.

Dawson's background, history, and characteristics, as well as other factors to be considered by the Court, he requests a sentence of fourteen months.[1]

### I. Mr. Dawson's Cooperation with the United States

On May 30, 2023, Mr. Dawson pleaded guilty to possession of a machine gun. In exchange for his plea of guilty, the United States agreed to recommend that Mr. Dawson be awarded an appropriate reduction in the offense level for acceptance of responsibility.

### II. Mr. Dawson's Age and Background Information Support a Lenient Sentence.

Floyd Dawson is twenty years old. His father has been in prison for most of Mr. Dawson's life, leaving his mother to raise Mr. Dawson and two siblings on her own. His mother often worked multiple jobs to provide for his family. Despite this, the family struggled financially due to his father's incarceration and left Dawson without much adult oversight. Dawson was diagnosed with ADHD at the age of 8 and took medication for it until four years ago. Due to the lack of supervision, Dawson began using marijuana at age nine, Percocet at age seventeen, and codeine at age nineteen. Additionally, Mr. Dawson did not have the opportunity to finish high school and left school during his sophomore year. Prior to this arrest, Mr. Dawson was gainfully employed.

Mr. Dawson's age should be considered a mitigating factor in determining the appropriate sentence for him. The United States Department of Justice ("DOJ") has studied and found that young men, particularly minorities from lower socio-economic backgrounds, are more likely to commit crime than their older counterparts. (Exhibit A).

---

[1] Mr. Dawson was charged with a misdemeanor as well as this charge. However, he was unable to receive a bond on the State law misdemeanor due to the pending federal case.

The reason for this crime spike is that young adults are more like adolescents than adults regarding decision making and maturity. *Id.* Additionally, suffering trauma in adulthood has been linked to a greater risk of criminality. (Exhibit B).

Mr. Dawson is a young man who has suffered throughout most of his life. His father has been absent due to incarceration, he had limited guidance and economic resources, and he is dealing with the tragic loss of his brother a year ago. Additionally, Mr. Dawson is still maturing and in a few years his risk of committing a crime will drop significantly by simply giving time for his brain to develop. Mr. Dawson is a young man in need of a chance to better himself. He has suffered many adverse events, most of which were not his fault, that have brought him to where he is today. He has accepted responsibility for his actions and needs the opportunity and resources to develop and mature into his potential. As evidenced by his letters of support, he is well thought of by many and needs the grace of this Court. (Exhibit C).

### III.   Credit for Time Served

Mr. Dawson was arrested on June 22, 2022, and he has been in custody since that time. For over fourteen months, Mr. Dawson has been in the custody of the U.S. Marshal's service.

In determining his sentence, Mr. Dawson asks this court to give him credit for the fourteen months he has already served. Taking into account the factors under § 3553(a), a sentence of fourteen months is "sufficient but not greater than necessary" 18 U.S.C. §3553(a), to provide "the proper degree of punishment" for Mr. Hutchins. *U.S. v. Cavera*, 550 F.3d 188-89 (2d Cir. 2008).

Respectfully submitted,

*/s/ Leroy Maxwell, Jr.*
Leroy Maxwell, Jr.
Attorney for Defendant

**Of Counsel:**
**Maxwell & Tillman, LLC.**
2326 2nd Avenue North
Birmingham, AL. 35203
T: 205-216-3304
F: 205-406-4145
maxwell@mxlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on **September 5th, 2023**, I electronically filed the forgoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Leroy Maxwell, Jr.
Leroy Maxwell, Jr.